I'll go ahead and call our third case, number 23-11630, Sylvestre Stephen Point du Jour versus the U.S. Attorney General. Hold on Mr. Prado. Okay. We've done equitable tolling on the criminal side. We've done equitable tolling on the civil side. And now we're going to do equitable tolling on the immigration side. So Mr. Prado, whenever you're ready. May it please the court. A person seeking equitable tolling must act with reasonable diligence to pursue a right. The preliminary question is what right is being pursued, because if we don't identify that, we cannot tell whether the person has been acting with diligence in a reasonable fashion or not. Throughout this petitioner's case, from the hearings with the immigration judge to today, we have constantly, without stopping, pursued his right to a hearing on his applications for relief. He did so when he got the extensions of the filing deadline. The purpose with that was to preserve his ability to have the hearing. Even when Mr. Bougie acted deficiently in seeking another extension the week before the hearing, he was still trying to attempt to preserve that same right. Unfortunately, in a prejudicial manner, that was deficient. Ms. Morgan, when she filed her motion to remand, again, was trying to obtain that hearing. In the petition for review, we were trying to obtain that hearing. Can I ask you some quick questions just to get some stuff out of the way and see if we can nail down the facts of this? You need equitable tolling between 2018 and 2021, right? That's the period of time. The denial of the petition was in 2018, and you filed the motion to reopen in 2021. Am I right about that? We need equitable tolling from the date of the finality of the BIA's initial order. It was a direct affirmance. Was that in 2018? I believe so. Then did you file the motion to reopen in 2021? Yes, it was after the petition for certiorari was denied. You need it from 2018 to 2021. I'm asking these questions because I feel like it's helpful just to get some stuff with these cases where you've got to figure out the time period just to see if we can agree on the basics. Do you agree that without equitable tolling, the statute of limitations for the motion to reopen would have run even though you had filed an appeal from the BIA's decision? Yes, absolutely. What this court held in race is correct. There's a statutory deadline of 90 days. The statute doesn't include any tolling provisions, but that's why the presumption of equitable tolling applies. That's why you need to establish an extraordinary circumstance that prevented you from filing within the 90 days from the BIA's order. You need to establish that you had reasonable diligence, that you were prevented from filing within 90 days of the order, even though you were reasonably diligent. It's never been disputed that ineffective assistance of counsel serves as a basis. Here's a couple of questions about this. The ineffective assistance of counsel that you allege was done by the time of the BIA's order, right? How did your – and I don't mean to waylay you entirely, but I'm trying to figure out – it just seems there's no connection. You allege that the lawyer who is representing you in front of the board was ineffective. How did that prevent you from filing within 90 days? So the second tier of ineffectiveness, right? We were challenging that, whether that was correct or not, that she was deficient through the proceedings before this court and on the circuit board. But you would agree that – that's my point. In the normal circumstances without equitable tolling, 90 days runs, you have to file your motion to reopen at the same time you're pursuing the appeal. So how is there any connection? It just seems like there's no connection between what you're saying was ineffective assistance in front of the board and whether you could meet this 90-day deadline. So our claims before this court was that Ms. Morgan was not acting deficiently and she met the standard. And after that, we've been told we were wrong three times. We went to the argument, okay, she was wrong. And these are materially inconsistent. I can understand why you would want the rule to be that you got tolling while you pursued your appeal. I can understand why that makes sense to you, why like in theory you should just get tolling while you pursue the appeal. But that's not the rule. We're not arguing that in every case that that's how it should function. In every case of a claim of ineffective assistance, though, you're arguing that that's how it should function? Not in all of them, actually. Because what happened was if we had filed the motion to reopen at the same time as the original petition for review, we would have been making materially inconsistent claims to two different tribunals. And we noted in our opening brief that's ammunition for the government and say we forfeited our claims before this court or even our claims before the board. And they've never disclaimed that they would have made such an argument. They just say we shouldn't pay attention to that. And the standard from Holland versus Florida is reasonable diligence. In those circumstances, it's reasonable to test one claim before moving to the next one that would create a forfeiture of the prior claim. Because we have exhausted every clause. But you're assuming there, and I mean, I get that it's difficult to sort of litigate this in the alternative. But you're sort of assuming there that you can't just do that. I guess people make alternative arguments all the time. There's nothing that prevents you from doing that. And in fact, that's, I mean, in the normal case, you have to file the motion to reopen within 90 days even though you're pursuing the appeal. I guess my concern is if we say that there's equitable tolling here on sort of the theory that you should just get to wait till the end of the appeal, aren't we just blowing a huge hole in the idea that you can't do that in the normal case? No, Your Honor, and I have two responses. One, the second response is about the standard. It's reasonable diligence, not maximum feasible diligence, which I would like to return to. But there's a difference between making an alternative argument in one case before one tribunal and then going into two different tribunals and arguing the opposite of each case. And if I had done that, and then this court were to have held, I'm sorry, you forfeited the claim because what you're saying to the board is inconsistent. Or the board would have said, I'm sorry, we're not going to accept your claim about Ms. Morgan because you're arguing the opposite elsewhere. Then I would be getting the third bar complaint in this case. And in fact, the board seems to suggest that we need to do four bar complaints. If this order stands, we're creating the infinite Lozada loop as the amicus briefs have shown. Look, you not filing a motion to reopen in front of the board in a timely manner I don't think rises to the level of ineffective assistance. I'm not sure that any of this, frankly, rises to the level of ineffective assistance. But I'll just say that. If somebody files a bar complaint against you, you can cite that. Because I don't think you've done anything wrong here in the sense that I don't think there's ineffective assistance. I guess the question is, you've got an equity toll for three years here. And it seems like your argument is just we should get to file the motion to reopen after the appeal is done. And I'm still trying to figure out why, if that's the argument that we adopt, and we say, you know what? You just get to wait until after the appeal is done to file your motion to reopen. Haven't we just destroyed the 90-day rule that says you've got to file within 90 days? No, I disagree. And I can give you an example. Yeah, please do. So in this case, Ms. Morgan made two arguments. She made the claim against trial counsel, and she also argued that the petitioner was not removable. Had our petition to review focused on the removability, and we spent all that time arguing that, and then when that failed, we then shift to an ineffective assistance of counsel claim, I would see your point. Because now we're just trying to make a new argument with whatever can come our way. But we have always claimed there was ineffective assistance of counsel in that he was deprived of a trial on his application to relief. And our theory was that it was Mr. Bougie, trial counsel. It was his deficient performance that was prejudicial. And looking to Holland v. Florida, the facts here are actually more egregious than what the Supreme Court was looking at in Holland v. Florida because that was an ADEPA case, and I think they missed the deadline by three months, whereas in this case, trial counsel after two extensions missed the deadline by five months or more. Yeah, but in Holland v. Florida, it was the deadline that you were trying to equitably toll, right? That was the extraordinary circumstance in Holland was you didn't meet the deadline that you were trying to equitably toll. Here, you haven't identified any ineffective assistance that prevented you from meeting this 90-day deadline. You're talking about ineffective assistance that happened at other parts of the case that you're trying to litigate and that you did litigate. So that's where there's a mismatch between pointing to some ineffective assistance of somewhere, but that ineffective assistance had nothing to do with the statute of limitations you're trying to toll. The right that my client is pursuing is not the right to file a motion to reopen. The motion to reopen is just a tool to effectuate the right that he's pursuing. The right that he's pursuing is the right to the trial in his hearing, which he has always been pursuing. He has never stopped pursuing that right. The deadline you're trying to toll is the 90 days for a motion to reopen, though. Yes, but the standard is not were you reasonably diligent in pursuing tolling. I agree. I mean, you don't have to be extraordinarily diligent. You just have to be reasonably diligent, but you're trying to rely on—I mean, well, I don't want to— I just don't see a link between the ineffective assistance that you're trying to litigate over and the deadline that you're trying to toll. So the two-part test, the first is you must diligently pursue a right. Now, that doesn't mean that you must diligently seek tolling. It's that you have to—you look to the whole story. So there's case law. For example, let's say someone's filed a portable for an offense five years ago, and then today the court holds that that's not a removable offense, and they file a motion to reopen. The case law across the circuit say you don't look only to when that new precedent came out to when they filed the motion. What were they doing beforehand? You look at the whole story. But here the single member of the BIA said that the reason that you weren't entitled to equitable tolling was because you should have pursued simultaneous remedies, right? Yes, so— You should have pursued the BIA appeal to hear to this court, but at the same time you or someone else should have also filed a motion to reopen. Yes, and that is too much. That's requesting too much because we have pursued every legally available remedy that exists. See, when you say that's requesting too much, the problem I have is that's the rule. That's in the normal case. That's exactly what you're supposed to do, right? So all of your arguments, it just seems to me like your arguments, you don't want that to be the rule. You don't want the normal rule to be that you have to file the motion to reopen within 90 days while you're pursuing the appeal, but that is the rule. The point of tolling is to allow flexibility to, quote, escape the evils of archaic rigidity. It's a rigid rule. It's 90 days. It's a very short time frame. It's a shorter time frame than the ADAPA deadline, right? And we have to look at the cases on their facts. The board's decision, narrowest holding or ruling we'd request is that they didn't look at all the facts. They just said, well, Reese said that the PFR does not toll the 90 days, and that's the end of the story without regard to the facts. An important issue here is that what the board is asking, that on top of pursuing all remedies, you do it all at the same time, they could not have requested anything else. What else could we have done? That right there is the maximum feasible diligence. No, that's not. I guess their point is just they're denying you equitable tolling. I mean, they're saying the standard rule is that you have to pursue this within 90 days, even though your appeal is proceeding, and you haven't shown that you should get out from that standard rule, right? But if you look at the whole of the board's opinion in the footnote, it's suggesting that seeking judicial review wasn't a form of ineffective assistance of counsel in that footnote. It asks why did Mr. Garcia not file a claim against me for seeking judicial review in the first instance instead of a motion to reopen, as if seeking judicial review is something you shouldn't be doing, and that's a very concerning thing. To affirm that, I think, is a problem. We're not going to say that he should do that, so don't worry about that. So let me ask you one more question, which I just – so this tolling that you're trying to get is from 2018 to 2021 because that's when the Supreme Court denied the cert petition that you filed. Yes. If – let's just say, I mean, things in this circuit and the Supreme Court have been known to take a long time. So let's just assume that the appeal took – instead of three years, it took six years. Would you get the same amount of equitable tolling? Would you get to toll the whole way until the end of the Supreme Court? That's not within the petitioner's control, right? And I think that goes towards the extraordinary circumstance because the second prong is about whether there was a circumstance outside of his control, and that's an example of that. So – and I think it's a menominee. We have to view the two elements separately, right? So your position is that you get – I just want to make it clear. Your position is that you get equitable tolling as long as you're pursuing the appeal. However long that appeal takes to go, you get equitable tolling, and then you get to file the motion in front of the board 90 days after that. I think I can make it in three sentences. Our rule is that you look at the right that they're pursuing. Here is the right to a hearing on his applications, and all the process he did was in good faith. There are circuit splits existing. There is good reason to believe that perhaps a different circuit might have ruled differently on the first petition for review. We presented it to the en banc court showing a circuit split. We presented it to the Supreme Court showing a circuit split on these issues that would have resolved the case all in good faith, and at the same time, had we filed a different motion to reopen, at the same time, it would have been materially inconsistent, and we would just be giving the government the argument to come say we forfeited all our claims. And under those circumstances, it's reasonable that without stopping in pursuit of that right for a hearing, what occurred here was reasonable, and it was reasonably diligent. Thank you. All right, thank you. Mr. Moore. Thank you. Good morning, Your Honors, and may it please the court. My name is Brendan Moore, and I'm here on behalf of the respondent. The respondent respectfully requests that this panel deny the petition for review, because the board acted reasonably in determining that Mr. Point, you sure had not established that he warranted equitable tolling. Now, as Mr. Is the Judge Brasher asked Mr. Prada what his rule essentially calls for? Is the rule here that you never get equitable tolling while you pursue appellate remedies from a BIA removal decision? I don't think the rule is that broad or needs to be that broad, Your Honor. No, the district judge, I mean, the BIA member essentially said he should have pursued both at the same time without any qualification or explanation as to why this case was within or outside the normal realm of cases. I guess I have kind of two responses to that. First, this case, and I think many equitable tolling cases, are really about notice, right? And it's when the claim becomes available or presents itself. Here, as was discussed when my colleague was arguing on behalf of petitioner, the relevant period here begins when the board denies the claim of ineffective assistance of counsel, precisely because one of the LAZADA requirements was not satisfied. And at that time, that's December of 2018. The petitioner is on notice right then and there that he has teed up if he wants to pursue it in ineffective assistance of appellate counsel claim. Now, the merits, of course, is a different issue. However, it's two and a half years later when he actually brings that motion to reopen and seeks to actually advance that claim. So there's this two and a half year period after he becomes on notice, after the claim presents itself or becomes available, where he does not act, does not show diligence because he's not meaningfully pursuing his rights. So with respect to your question, Your Honor. My question is what rights is he meaningfully or not meaningfully pursuing? Right. Are there rights in general or rights that are specifically procedural? Well, the procedural here… There's no doubt that he acted diligently with regards to his circuit petition, right? I guess I would take a little… I think we need to kind of divide them. The petition for review, to some degree, you could say that's understandable. However, thereafter, he files a petition for rehearing en banc and then a petition for writ of certiorari. What counsel's briefing is really doing there is trying to make new law or advocate for new law. It's advocacy for the substantial compliance rather than complete compliance standard. And the thing about what the panel in the Eleventh Circuit in the petition for review number one said… Substantial compliance from what or with what? With the requirements of the Lozada requirements. Oh, okay, okay. Yeah, and so the interesting thing about this is that the panel in petition for rehearing number one says that the petitioner's compliance was neither substantial nor exact. In other words, he did not substantially comply with Lozada. He then spends an additional great period of time, more than a year, going up to the Supreme Court or trying anyway, with the core argument that substantial compliance is what due process requires, that it's a matter of fairness that substantial compliance should be the law of the land, should be the law of the Eleventh Circuit specifically. And that is particularly irrelevant to his claims when this court found that he had not even substantially complied. So in other words, even if the Supreme Court were to say, okay, let's change the law and substantial compliance should be the law of the land or the Eleventh Circuit erred in finding otherwise, it wouldn't matter because he did not substantially comply. So it's really a little bit of a red herring, Your Honor, that what he was doing was completely just pursuing his rights with respect to this ineffective assistance of counsel claim. He really was only arguably even doing that the first time around when he filed that petition for review. After that, it really concerned a legal standard that really wasn't relevant to the claims or certainly wasn't going to impact the bottom line. Would he be in a different position in your view if he had filed the motion to reopen within 90 days of the panel decision on the petition? Within 90 days of the panel decision? I mean, obviously, that's a question for the board and whether they thought diligence would show. I think they kind of indicate that had he done that, he would have had certainly a good shot of showing diligence there. It sounded like they indicated that they would have sort of given him the benefit of the doubt on that one. Right. The other thing I wanted to note, Your Honor, dating back to a question you had a few minutes ago is in terms of what the board said in its decision. I think what the board actually decided and analyzed really has to be put in the context of what the petitioner actually put forth in his appeal before the board. And with respect to timing and diligence, he gave very short shrift to it. He just in passing said that this appeal is per se for diligence because it was filed within 90 days of the Supreme Court's denial of cert. And so what the board is doing is, of course, reacting to his arguments and is saying the fact that you have appellate proceedings before the federal courts does not itself mean that you told, does not mean in itself that you've established diligence. So it was really in response to his contention that just by having, you know, a Supreme Court petition for review, I can wait another 90 days after that. Well, that really makes no sense at all when that petition for review, as I mentioned, was really about a legal standard when he had not even substantially complied. Here's one way to look at this. I want to give you the chance to address it. For equitable tolling, you need generally, and I'm paraphrasing, an extraordinary circumstance, right? Right. And you need diligence. Do you think that the BIA simply relied on the diligence prong in this case? I think that's right. They did, Your Honor, yes. Okay. So do you think that the BIA's decision amounted to requiring more than reasonable diligence? I mean, if he had simultaneously pursued both, that would have been maximum diligence. There's nothing else he could have done, right? Pursued both? The motion to reopen and the petition for review. That would have been maximum diligence. There's nothing else he could have done. I take that point, but I don't think it's binary in the sense that then if he didn't do that, it's reasonable diligence. I mean, had he done that, then he wouldn't need equitable tolling, right? I guess that's the confusing thing to me. It seems like the BIA is saying when it says you could have done both, it just means there was nothing stopping you from meeting the requirement. There was nothing stopping him, and I think that is the point. And, again, it's about when the claim presents itself or becomes available. And in that second motion to reopen, of course, which is really at issue here before the court today, what he is arguing there is, hey, my appellate counsel screwed up by not presenting evidence of compliance with this Lozada requirement to actually provide notice to the trial counsel of his alleged ineffective assistance so that he could have an opportunity to respond. Well, that is precisely what the board held two and a half years before in its decision in December of 2018. Excuse me. There's quite an alignment between what he ultimately argued in his motion to review in, I believe, June of 2021 and what the board had said two and a half years earlier. It was teed up then, and one other point I'd like to make is this is not even the case where he had the same appellate counsel who allegedly provided ineffective assistance. He actually obtained new counsel within three weeks of the board's decision, apparently for the purposes of pursuing the petition for review, and yet still did not move to reopen based on when it was available. So that might be an example where you would have equitable tolling, right? You had this ineffective lawyer representing you in front of the board. The board decision comes out, and then you've got to find a new lawyer because your lawyer before was ineffective and failed or whatever. You might have equitable tolling for some period of time for you to find a new lawyer. I guess here it seems like the board is saying, but you were asking for three years here. Why three years? How were you reasonably diligent over the course of three years waiting to do this while this motion reopened? Right. And in total, I believe the petitioner had four different attorneys, which of course is perfectly fine. But the notion that, you know, I mean, because there is equitable tolling provided in situations where somebody has been misled or kind of the truth has been obfuscated, but that's not what was going on here, particularly when he has this fresh new counsel after the, you know, after parting ways with the appellate counsel who allegedly provided the ineffective assistance. Let me ask you this. So you do this line of work. I mean, so opposing counsel says, and I take his point, which is that, look, you know, we're arguing in the appeal that we met this standard, and then we would have to argue in this motion to reopen that we didn't meet the standard because of ineffective assistance of counsel, right? So he's sort of saying, look, we can't really make these arguments at the same time, we have to pursue the appeal and pursue this motion to reopen. Do people do that? I mean, is that a thing that happens where people just file the motion to reopen and they say, you know, we're pursuing the appeal, but in the alternative, we want to reopen because of X, Y, Z? I believe so, Your Honor, and, you know, I don't have particular cases to cite for you, but the basic point of let's say he had success with the petition for review, he absolutely could have just simply dismissed the motion to reopen. I mean, that does happen. It's not like once it's filed, you know, you have to live by it for better or for worse. He could say that he was no longer pursuing it. Or, I mean, he could have just mooted his appeal because the BIA could have said, look, I mean, it's discretionary whether they grant these motions to reopen, right? Right. They could have just said, look, within our discretion, we don't even care about the legal standards, we just think, like, you've got a raw deal here, we're going to, like, reopen this. Right, right. So, yeah, so I think that, you know, the pursuit of appellate relief, as I said, I think that petition for review, he has an arguable basis for saying tolling there. And I think the board said the same. However, especially after that, there was just really no reasonable argument of diligently pursuing his rights there. I may just briefly touch on the unexhausted arguments. As I mentioned, the only argument that was really exhausted before the board was this notion that there was per se diligence. And so the board's decision focuses on the appellate proceedings, obviously. But in his briefing, he widens the lens, I think we could say, where he's asking the court to view the diligence analysis through a period of many more years, hearkening back to the beginning of his proceedings. And that's simply not what the law says with respect to tolling. It's really, you know, begins, that period of time begins at the point where the claim presents itself. And it does pertain to that 90-day period. And what is the basis for going over that 90-day period? And so we're looking for the claim at issue here, which is alleged ineffective assistance of appellate counsel. So, I mean, to take petitioner's argument of being able to cite much earlier actions as being diligent, I mean, in theory, he could bring another motion to reopen, and he would have already perfected much of the factual requirements to do so. I mean, that wouldn't make sense. It's not – it has a narrow window of time, and that window of time is, as we mentioned, that three-year period between the board's denial of his first motion to reopen and then when he brought the second one. Can I confirm something with you before you sit down? Yes. You had it in your standard of review section of your brief, but I want to make sure that I understood it correctly. The general standard of review for a BIA decision on a motion to reopen is abuse of discretion, right? Right. You also say in the standard of review section that when you're dealing with a question of diligence on equitable tolling on facts that are basically undisputed, here the filing of a petition for review, a motion for rehearing, a petition for certiorari, then that's essentially a legal question which triggers de novo review on that specific subject. Right. Did I understand your brief correctly? Correct, Your Honor. Okay. And we cited the Supreme Court case there in Guerrero which says the application of the diligence standard in the context of a motion to reopen presents a legal question. Okay. Thank you very much. Sure. Mr. Prada, so why isn't one way to read the BIA order in this case as saying whether or not you might have gotten equitable tolling for the time running through the decision on the petition for review, you don't get it for seeking certiorari? My understanding of the government's argument on that point is that this court's ruling on substantial compliance made those further petitions pointless. I respectfully disagree. This court's ruling was that... I don't want to characterize it as pointless or not pointless or whatever. I mean you were pursuing remedies on behalf of your client that were statutorily authorized. So I take Judge Brasher, I agree with Judge Brasher that I don't think you did anything incorrect in this case in pursuing those remedies through the petition for review. But my point is can't you read the BIA order in this case as just denying equitable tolling because of the additional period relating to the filing of the petition for certiorari and the denial of that petition? I think it's more fairly the board was making an alternative holding there because the first thing it says is look, under this decision of Reese, you don't get tolling because of the petition for review. But even if we were to give you that, then we wouldn't give you additional tolling beyond that. And I guess I'm giving the government two hooks to support its case, but just to be with candor that that's how I understood the board's opinion. Just to put the point on Judge Jordan's question, with respect to that second hook, the idea that like look, let's give you the benefit of the equitable tolling through the Eleventh Circuit's decision. Why should you get equitable tolling extending past the Eleventh Circuit's decision if by the time of the Eleventh Circuit's decision, if this is all true, I mean I'm not even sure this is, but if by the time of the Eleventh Circuit's decision, this conflict issue or this like we want reasonable compliance instead of strict compliance, it just really didn't really matter to the resolution of the appeal. Well, okay, so whether it mattered or not, right? There we pointed out five circuits that are willing to relax all three of the Lozada requirements if the face of the record shows the ineffective assistance of counsel. And what we were arguing is that on the face of the record, we could see that trial counsel was deficient and prejudiced the client's ability to have a trial. And this court, which is within its prerogative, said, no, we're not going to relax the second requirement by treating the third one as automatically satisfying the second requirement. That's a different outcome. So in a sense, what I'm saying is that this court's view of substantial compliance is a little narrower than many other circuits, and we were seeking in good faith demonstrating that circuit split that perhaps you should reconsider and perhaps the Supreme Court should reconsider. But I'm running low. I just wanted to respond to something important. He keeps saying that our claim before the board was that we were per se diligent. That's in the facts section of the motion to reopen. On page seven, the argument section starts on page nine. And at the close of it, on page 15, we argue based on everything proceeding that we just spoke about, this was maximum diligence and that we should be told. So I don't think that's a fair characterization of our claim. And either way, the exhaustion doctrine is not so rigid in that sense. And I think one of the background issues here is complying with LAZADA. This record shows that the Florida bar does not want these bar complaints. What is the purpose of the LAZADA test, rather beyond the board delegating its responsibilities to another entity to have the evidentiary hearings that the immigration judges should be doing? Now we know that the Florida bar says we don't want these bar complaints. Take it to the appropriate tribunal. So all this has been a game about trying to file a bar complaint with the Florida bar for no reason at all. It's arbitrary and capricious. It violates the Matthews v. Eldridge test because basically you're maximizing the risk of deprivation of a weighty liberty interest for an administrative convenience that's not even being served. And I think with that in mind, it informs the fact that we are being reasonably diligent, trying to do everything that the BIA wants us to do, even though it's ultimately pointless. And with that, Your Honor, I ask that the court vacate and remand, finding that we were reasonably diligent, hold that the NOVO is an appropriate standard of review, and hold that the Holland test is controlling. Thank you. All right. Thank you both very much. All right.